REGAN, Judge.
The plaintiff, J. C. Trahan, Drilling Contractor, Inc., the successor through merger of Shoreline Explorations, Inc., instituted this suit against the defendant, Richard L. Hagy, endeavoring to recover the sum of $810.30, representing the defendant’s proportionate share of the cost of drilling an oil well on behalf of the defendant and other interested parties.
The defendant answered and generally denied the foregoing allegations. In addition thereto, he pleaded the exceptions of no cause of action and the prescription of three years.
From a judgment in favor of the plaintiff as prayed for, the defendant has prosecuted this appeal.
The record reveals that on or about January 1,1959, a joint operating agreement was entered into between Shoreline Explorations, Inc., and several individuals, one of whom was the defendant, for the purpose of the development and operation of certain oil, gas, and mineral leases. The agreement provided in part that Shoreline would expend certain funds for the exploration and operation of the mineral leases and thereupon bill the “non-operators” for their proportionate share of the expenses. The defendant was billed for $810.30, and has never made payment thereof.
Subsequently, Shoreline Explorations, Inc., was merged with J. C. Trahan, Drilling Contractor, Inc., the latter corporation being the survivor. The merger agreement transferred all of Shoreline’s assets to Tra-han, including all accounts receivable and unpaid debts. Thereafter, the plaintiff filed this suit to recover the amount owed by the defendant as a result of the exploration contract.
The defendant contends that the contract, which forms the subject of this litigation, could not be assigned since it was personal in nature, and asserts in support thereof that the clear intention of the parties was to have Shoreline Explorations, Inc., perform the necessary services. The record fails to substantiate this assertion; it does not disclose that the contract was personal in nature so as to prevent an assignment thereof. In addition thereto, even assuming arguendo that the contract was personal, it is clear that the obligations of Shoreline had already been completed when the merger occurred and that the defendant accepted the benefits accruing thereunder; consequently, he cannot now escape his obligation of paying his pro rata of the expenses merely because the contracting corporation was merged with another company.
Defendant also contends that the claim has prescribed, and cites in support thereof LSA-Civil Code Art. 3538, which provides a three year prescription for open accounts. A simple perusal of the contract reveals that the transaction upon which the defendant was sued is not an open account, but that the suit is one predicated upon a written contract, which only prescribes in ten years.[1]
The defendant’s final contention is that the plaintiff neglected to prove its claim by a preponderance of the evidence. A reading of the record discloses otherwise; it reveals that the plaintiff made out a prima facie case, and the defendant failed to refute it. The trial judge reached this *734 conclusion, and we are of the opinion that he was eminently correct.
For the foregoing’ reason, the judgment of the lower court is affirmed. The defendant is to pay all costs incurred herein.
Affirmed.

. LSA-Civil Code of Louisiana, Art. 3544.